STEPHEN EATON, defendant below, *vs.* ALBA HOUGHTON, plaintiff below.—*IN ERROR.*

A bill of exceptions was so defectively drawn up, that the Court, on error brought, could not discover, from the record, whether error had intervened or not, and the judgment was therefore affirmed.

The party who would avoid a judgment, by reason of error, must show the error, and present those facts from which it can appear what law *ought* to govern, as well as what decisions in point of law, have been made in the case.

A want of jurisdiction of the subject matter of a suit cannot be aided by plea; but a want of jurisdiction growing out of irregularity of process, may be waived by pleading to the merits. The latter is cured by such plea, and cannot afterwards be assigned for error.

THE action below was an action of trover for a horse, originally commenced before a justice of the peace. The writ was dated May 23, 1825, and served on the same day, and made returnable before the said justice on the 8th day of June, 1825. It did not appear from the record of the justice, that any thing was done with the process on the return day thereof, or that he had continued the action to the *fifteenth* day of said June; but it did appear, that on the fifteenth day of June, the parties appeared before him, and that the cause was tried by a jury, who returned a verdict for the plaintiff below, for $54,00 damages and his costs; and that the defendant below thereupon prayed for and was allowed an appeal to the county court. At the June term of Essex county court, 1825, the cause was there again tried on the general issue, and a verdict returned for the plaintiff below, for $50,00 damages and his costs. On that trial the defendant below filed the following bill of exceptions, which was allowed and certified by the Court:

"This was an action of trover for a horse, property and possession in the plaintiff, alleged on the 6th of April, 1825; conversion alleged to be on the 12th of April, 1825, and a particular demand on the same day.

It appeared in evidence on the part of the defendant, that it was hazardous to ford Connecticut river between Canaan, Vt. and Colebrook, N. H. on the 9th, 10th, 11th, 12th and 13th days of April, 1825.

On the part of the plaintiff, it appeared, that the river was fordable on the 7th and 14th days of said April, although higher than usual. It was also in evidence, that the horse declared for in this action was attached on the 14th day of April, 1825, on a writ in favour of one *William Judson*, against the plaintiff in this suit, returnable to the court of common pleas, to be holden at *Lancaster*, in and for the county of *Coos*, and state of N. Hampshire, on the third Tuesday of July, A. D. 1825.

The defendant offered to read in evidence to the jury, the following deposition, viz: I, Norman Smith, of, &c. testify and say, that on the last of March or first of April, 1825, I saw Dr. *Eaton* and *William Judson* in company, riding on said Eaton's horse, and a horse that I then took to be *George Aldrich's*. They called on me and inquired if they could cross on the ice against *John Smith's*. I told them I thought they could not, as the ice

was running fast; they however went up, but soon returned, and they afterwards told me they forded the river against Mr. *Abbots'.* I afterwards understood that the horse I took to be *George Aldrich's* was then owned by Mr. *Judson.* The next day, after I saw them in company, *I went to the river, with a view of crossing, and found it was, what I* considered, a dangerous undertaking, at that time, as the water was high, and the ice running very swift. The same morning I saw Mr. *Judson,* and asked him when he was going over to see his horse, as I understood he had broken his leg the day before. He said he was going that day; I here told him, if he went he must cross in a boat, as he could not ford it. I am well acquainted with that crossing-place, and know it would have been, at that time, hazardous crossing.

(Signed)          NORMAN SMITH.

The Court refused to have said deposition go in evidence to the jury, as being irrelevant. The defendant then offered to read that part thereof which is *underscored,* (in italicks) but the Court ruled out the whole and every part of said deposition, as being irrelevant. To which ruling of the Court the defendant excepted. The jury returned a verdict for the plaintiff for $50,00 damages.

Which bill of exceptions the defendant files, tenders and prays may be signed and allowed.

Upon the foregoing, this writ of error was brought, and the following errors were assigned:

1. That the county court rejected the whole and every part of the deposition of *Norman Smith,* &c. whereas, so much of said deposition as relates to the situation of *Connecticut river* the first of April, 1825, and to the practicability of crossing the same at that time, was pertinent to support the issue on the part of the defendant, and was competent to be read in evidence to the jury on the part of the defendant, and ought to have been admitted.

2. That the original writ was made returnable before the justice of the peace on the *eighth* day of June, 1825; whereas, it was not returned and entered before said justice, until the *fifteenth* day of said June, and the same was then and there entered before said justice, without the consent of the said *Stephen Eaton.*

3. *The general error.*

The opinion of the Court was delivered by

HUTCHINSON, J. The Court entertain fears that justice has not been done, but the case is too defective to render it possible for this Court to afford a remedy. The party who would avoid a judgment by reason of error, must show that error, and must present those facts from which it can appear what law ought to govern the case, as well as what decisions, in point of law, have been made in the case.

But one decision is objected to in this case. That is the exclusion of the deposition of Norman Smith, on occount of its irrelevancy. *Non constat* how the fording of the river affected

the rights of the parties, how it should tend to show that the plaintiff owned the horse, or that the defendant had converted him. We may conjecture that the plaintiff lent the defendant the horse, and he kept him over the set time, and would excuse himself by showing the difficulty of crossing the river; yet it is but conjecture, for the case does not show it.

Besides, the deposition is vague as to time. It says, "about the last of March, or first of April," &c. This but poorly meets a period from the 7th to the 14th of April.

The deposition was therefore rightly excluded.

There is testimony, stating that the horse was attached on the 14th of April, on a writ in favour of one *Judson*, against the plaintiff, returnable the July following. Possibly this ought to have operated like a return of the property to the plaintiff on the same day, to mitigate damages. But it does not appear that the Court made, or were called upon to make, any decision on the subject which this Court can now revise. Nor could an understanding decision be made, merely upon the facts here disclosed. The defendant ought at least to have shown something about the nature of the suit; some *prima facie* evidence of there being a cause of action in favour of *Judson* against the plaintiff. The testimony of *Judson* might have been sufficient between these parties. But the disclosure is of the writ and service only. For aught that appears in the case, the plaintiff might have been contending, that the writ was procured by the defendant himself, and this the very conversion complained of by the plaintiff. Such presumptions should be negatived by a true statement of what facts were contended for, and what there was evidence tending to prove. In this there is a total failure.

Another objection is raised, that there appears no continuance of the action from June 8th, when the writ was returnable, to the 15th when it was tried; or rather, that it appears to have been tried when it was legally out of court. There is a vacuum in the record in this respect. And the question arises whether any thing which does appear in the record cures this defect. It does appear in the record, that the defendant appeared and answered to the action on the 15th and plead the general issue, and prayed for a jury, and the merits of the case were tried. The defendant appealed to the county court, and had another jury trial there, and it does not appear by the record, nor is it pretended, that the defendant, either before the justice or the county court, made any objection to the action's proceeding. It is very important that objections to the irregularity of process should be made in time to prevent unnecessary cost. And we must not forget the distinction between a want of jurisdiction of the subject matter, and a want growing out of irregu-

larity of process. The last may be waived by pleading to the merits; the first cannot be so waived. All the points raised on the subject matter of abatement, were raised and decided by the Supreme Court, in the case of *Stone* vs. *Proctor*, 2 *D. Chip. R.* 108.

*Essex,*
March, 1826.

Eaton
*vs.*
Houghton.

> Judgment, that there is no error; that the judgment of the county court be affirmed, with six per cent. interest, and cost of this writ of error, and execution issue from this Court for the whole.

SKINNER, Ch. J. was absent.

*Isaac Fletcher* and *Augustus Young*, for the plaintiff in error.

*Sanders W. Cooper* and *S. Cushman,* for the defendant in error.

