<div style="margin-left">
(*a*) See Stat. 118, ch. 7, No. 46, § 1.
</div>

On a subsequent day,

SKINNER, Ch. J. said, the Court think it improper to vacate the judgment pronounced. But considering the importance and difficulty of the main question, the Court have come to the conclusion to permit the plaintiff to avail himself of his prior motion, to enter a non-suit.

So, the entry upon the record was of judgment for the defendants as upon a non-suit.

*Charles Adams* and *C. P. Van Ness,* for the plaintiff.

*Heman Allen* and *J. C. Thompson,* for the defendants.

---

<div style="margin-left">
[*Franklin,*
January,
1827.
</div>

PHINEHAS STEARNS, defendant below, *vs.* GEORGE WARNER, plaintiff below.—*IN ERROR.*

A bill of exceptions, which is intended as the foundation of a writ of error, must contain such facts as show the grounds of every decision of the court to which an exception is taken. And *it would seem* that, where the opinion excepted to involves the sufficiency of the facts proved, in point of law, it must appear from the exceptions, that the testimony detailed is *all* the testimony which was given to the point, or be expressly certified that no other testimony was given, tending to prove it; otherwise the presumption of law in favour of the judgment cannot be rebutted.

A deposition, to which an exception is taken for impertinency, ought to be spread upon the record.

THE action below was an action of trover for a horse, which was brought by appeal from a justice of the peace, to Franklin county court. On the trial there, the plaintiff below recovered a judgment, whereupon the defendant below tendered the following bill of exceptions, which was allowed by the judges, and made a part of the record; but the deposition therein referred to, was not embodied in the record.

On trial, the plaintiff offered in evidence the deposition of *Sophrona Walton,* which is made a part of the case. The de-

*Franklin,*
January,
1827.

Stearns
*vs.*
Warren:

fendant objected, on the ground that the evidence was altogether irrelevant, and did not tend to prove any material fact against the defendant; but the Court admitted said deposition, and it was read as evidence. It was proved that the defendant sent a written request, or order, to the person keeping the horse in question for the plaintiff, that the horse should be lent to one *Carpenter,* to ride to *Johnson,* and agreeing to be accountable for the return of said horse by *Carpenter,* by reason of which order said horse was delivered to *Carpenter,* for the purpose aforesaid. But it appeared that the order was retained by *Carpenter* and returned to *Stearns,* that *Carpenter* rode said horse to *Johnson* and returned to *Cambridge,* where he left the horse one or two. days at said *Stearns',* and with his knowledge, but did not return said horse to the plaintiff, and at the end of said time said *Carpenter* absconded from this state with said horse.

The defendant contended, and requested the Court to charge the jury, that the defendant being liable for the horse only by reason of his collateral contract above mentioned, the action of trover could not be supported. But the Court did not so charge, and the jury returned a verdict for the plaintiff. To which admission of evidence and omission to charge the jury the defendant excepts, &c.

Upon this record the present writ of error was brought, and the *general error* was assigned.

Plea, *in nullo est erratum.*

Hutchinson, J. after stating the case, delivered the following opinion of the Court.

From the foregoing statement of facts, there is no doubt but the plaintiff in error, the original defendant, is liable for the return of the horse upon his contract, or *order,* as it is termed, and if the plaintiff has not the order, or if *Carpenter* or the defendant has the possession of it, that can have no other effect than to entitle the plaintiff to secondary testimony to prove *Stearns'* contract with him.

It is equally certain, that *Carpenter* has converted the horse, so that trover would lie against him. If *Warner* would contend that *Stearns* is liable in trover, it must be on the ground that the circumstances of the case afford a presumption that he, *Stearns,* was intentionally conniving at the fraud of *Carpenter.*—*See* 1 *Chit. Pl.* 155, *and* 3 *Camp. R.* 299.

It was the province of the jury to weigh all circumstances submitted to them under the direction of the Court, and which tended to prove such connivance, and to draw the fact of connivance, as an inference from the facts proved, if sufficient were proved. The facts detailed in the exceptions would seem not to have been sufficient, without some addition; such as that *Stearns* knew that *Carpenter* was going off with the horse, or some other pertinent addition to the testimony. Perhaps there was sufficient testimony, in this case, for it is not certified that the testimony detailed is all that went to the jury. Nor does it

*Franklin,*
January,
1827.

Stearns
*vs.*
Warren:

appear by the case, what the charge of the Court was. The case states, that the judge did not charge as requested by the counsel of *Stearns.* It would not have been correct to charge exactly so. The request assumes the position, that *Stearns* was liable only by reason of his collateral contract for the return of the horse. This might or might not be so, as the jury should find the facts to be. As, therefore, the charge requested would not have been correct, a refusal so to charge was not error. For aught that appears in the bill of exceptions, the judge may have given a correct charge to the jury. For aught that there appears, there might have been sufficient testimony to have warranted the verdict that was given.

The plaintiff in error complains also of the incorrect admission of a deposition, but the deposition is not spread upon the record, and this Court have no means of ascertaining whether that decision was or was not correct.

The truth is, and so this Court decided several times, a year ago, that the losing party, who would reverse a judgment by the aid of a bill of exceptions, must see to it that the bill contains such facts as show the grounds of every decision in point of law, that the court of errors may see clearly whether those decisions are as they ought to be.

The bill of exceptions in this case is too defective to exclude those presumptions in favour of the judgment of the county court, which are raised by law.

> There is, therefore, no error, and the judgment of the county court is affirmed, with additional damages and costs.

PRENTISS, J. absent, from indisposition.

*J. P. Richardson,* for the plaintiff in error.

*L. B. Hunt* and *Benj. Swift,* for the defendant in error.