## DUFFEE v. PENNINGTON, USE &C.

1. A bill of exceptions which states that the defendant offered to examine the nominal plaintiff as a witness, to which the plaintiff objected, and his objection sustained, and the witness excluded, was held to raise the question whether the nominal plaintiff was a competent witness.
2. A party offering a witness may be required by the court to state what he expects to prove by him, but where, without such a requisition the court excludes a witness *in limine*, its decision must be understood to have been made upon an objection to the witness himself, and not to the testimony he is expected to give.
3. In general, the party taking a bill of exceptions must show that he might have been prejudiced by the decision excepted to; but where a party has been denied the right of examining a witness upon points pertinent to the issue, it will be intended that he may have been prejudiced.
4. The defendant may examine the nominal plaintiff as a witness, if the latter does not object to give evidence; and where it is stated in the bill of exceptions that the plaintiffs counsel objected to his examination, the objection will be understood to have come from the plaintiff really interested in the suit.

THIS was an action of *assumpsit* brought by the defendant in error in the County Court of Tuscaloosa. The cause of action is a promissory note of the following tenor:

"Dollars 750 00. Tuscaloosa, January the 2d, 1837.

"On the first day of January, eighteen hundred and thirty-

Duffee v. Pennington, use &c.

nine, I promise to pay Abel Pennington or bearer, seven hundred and fifty dollars, for value received.

"MATTHEW DUFFEE."

The case was tried on the pleas of *non assumpsit*, payment and set off.

On the trial, a bill of exceptions was certified by the presiding judge, in which among other things, it appears that the defendant below called the nominal plaintiff Abel Pennington, as a witness, and offered to examine him as such, to which the plaintiffs' counsel objected, and his objection was sustained by the court, and the witness excluded, whereupon the counsel for the defendant below excepted and has prosecuted a writ of error to this court.

The only question here raised is, did the county court err in excluding the party proposed to be there examined as a witness.

Wm. Cochran, for the plaintiff.
J. L. Martin, contra.

COLLIER, C. J.—The counsel for the defendant in error insists that the bill of exceptions does not present the legal question intended to be raised, in such a manner as to authorize this court to consider it, that as the point to which the examination was to be directed is not stated, the court cannot know that it would have been pertinent and within the scope of the issue; and consequently cannot say that the decision of the county court operated to the prejudice of the plaintiff. In answer to this argument, it may be remarked that the rejection of the party as a witness, does not seem to have been influenced by an objection to the particular facts desired to be brought out, but rests rather upon the broad ground of incompetency. The court could not anticipate that an improper question would be asked the party, and if he was a competent witness, could not have arrested his examination, until it was discovered that it was leading to a disclosure not permissible by law.

Upon the introduction of a witness the party for whom he is called to testify, is not bound to state in advance what facts he

expects to prove by him. True, he may be required by the court to make such a statement, but when without such a requisition the court excludes a witness *in limine*, its decision must be understood to have been made upon an objection to the witness himself, and not to the testimony he is expected to give.

The general principle has been repeatedly recognized by this court, that the party taking a bill of exceptions must shew that he might have been prejudiced by the decision excepted to, or the proceedings below will not be disturbed. [See also McDougal v. Fleming. 4 Ohio Rep. 389: King v. Kinny, Ibid. 81: Souldon v. Van Rensselaer, 9 Wend. Rep. 493: Richardson v. Dennison 1 Aik. Reports 210: Steans v. Warner, 2 Aik. 26: Snowden v. Warner, 3 Rawle's Rep. 101: Harrison v. Baker, 1 J. J. Marshall's Rep. 317: Ingraham v. White, 2 Miller's Rep. 294-8.] In framing the bill nothing should be left to conjecture, for if the bill be so loosely drawn as to leave the matter *greatly in doubt*, the judgment complained of will be sustained notwithstanding there may be *some reason to suspect* that error may have intervened. So if the point reserved consist in the exclusion of evidence offered, the bill should distinctly shew that such evidence was relevant at the time, when the decision complained of, was made. [Turner v. Fendall, 1 Cranch's Rep. 132: Jackson *ex dem* of Webb v. Roberts' Executor, 11 Wend. Rep. 422: Eaton v. Houghton, 1 Aik. Rep. 380: Gratz v. Gratz, 4 Rawle 411—430.]

These principles which are relied on by the defendant in error as sustaining his objection to the bill, we think are entirely inapplicable. The plaintiff in error was denied the privilege of examining the witness, whose testimony, no matter what it might have been, was held inadmissible, as coming from an incompetent source. In the exclusion of the witness, no reference is made to the facts he was expected to disclose, and the plaintiff in error not being required to state what was expected to be proved, the bill need not have alluded to them. That the plaintiff has been prejudiced *prima facie* by the decision of the court, we think sufficiently appears—he has been denied the right of

examining a witness upon points pertinent to the issue—that material evidence would have been given by the witness, we must at least, intend was believed by the plaintiff.

This point was decided by the court of appeals of Kentucky, in Force v. Smith, 1 Dana' Rep. 151. In that case the court say, that a party is not bound when he calls a witness who is competent, to announce the fact which he intends to prove by him, before he is sworn; and if the court reject such witness, it is error, although it do not appear whether his testimony would have been material or not. Our conclusion upon this point is, that the bill of exceptions very clearly presents the question, whether Pennington, the nominal plaintiff in the county court, was a competent witness for the plaintiff in error.

It was argued for the defendant in error that by an inflexible rule of law, a party to the record without regard to his interest, is an incompetent witness to testify against his own interest, even though he consent to be examined.

In Prewett v. Marsh. 1 Stew't. & Porter's Rep. 17, this precise question was raised. In that case the action was brought in the name of Prewett for the use of Johnson, for the recovery of money collected by the defendant, Prewett was offered as a witness in favor of the defendant and rejected by the county court. This court in revising the decision by which the nominal plaintiff was rejected, say " we are of opinion, that Prewett being a party to the record, and interested in the event of the suit, at least so far as related to the cost, the defendant could not claim the benefit of his testimony as a matter of right. But if Prewett was willing to testify on the part of the defendant, this was against his own interest, and the defendant would be entitled to the benefit of his evidence. In the bill of exceptions it is not expressly stated that Prewett was willing to be sworn and examined as a witness," but it is stated " that Prewett coming to the book and being ready to be sworn to give testimony" was rejected by the court; and from which the inference is plain, that he was willing to be sworn, and to give evidence. It was his privilege to claim the exemption when called as a witness by the defend-

ant, unless he objected, and insisted on his right, his willingness to testify was a clear implication." To the same effect are John-son v. Blackman, 11 Conn. Rep. 342: Stanberry's lessee v. Nel-son, 1 Wright's Rep. 76: Owings v. Henderson, 5 Gill. & Johns. Rep. 134—146: Albers v. Wilkins, 6 Gill. and Johns. Rep. 35S: Hair v. Martin, 5 Watt's Rep. 179: Gravier's Curator v. Cullion, 11 Lou. Rep. 269—276: The King v. The Inhabitants of Woburn, 10 East Rep. 395: Worroll v. Jones *et al.* 7 Bing. Rep. 395: Norden v. Williamson, and Twibill, 1 Taunt. Rep. 37S: Wistar v. Walker, 2 Browne's Rep. 166: Bate and another v. Russell *et al.* 1 Mood. and Malk. Rep. 332.

In the case at bar, the bill of exceptions states that the plaintiff in error called Abel Pennington and offered to examine him as a witness, to which the plaintiffs (defendant in error) counsel objected, etc. "The plaintiffs counsel" must be understood to have been the counsel of the party for whose use the suit was brought, not of the nominal plaintiff; for as the latter was not interested in what was to be recovered, he cannot be supposed to have been represented by counsel. Pennington then was excluded at the instance of his *cestue que use*, without having objected to give evidence—such, at least, is the legitimate inference. Being called by the plaintiff in error, as a witness, we must intend that his testimony would have been adverse to his interest, or that there was an *equilibrium* of interest touching the matters as to which he was to be examined.

In this view of the case, Pennington being rejected without objection by himself, or stating an unwillingness to give evidence, *Prewett v. Marsh* is conclusive to shew that the county court erred, and its judgment is consequently reversed and the case remanded.