GILBERT HUNTLEY v. LUTHER HENRY AND A. N. ATHERTON.

*Pleading. Practice.*

Where a writ is defective in not being signed by a public officer—a justice of the peace or clerk of the court—and the defendant appears and pleads to the merits, and makes no objection upon the ground that he was not duly summoned, he waives this ground of objection. Objection for such defect must be presented at the first opportunity.

ASSUMPSIT on a promissory note. Trial by court at the March Term, 1864, PECK, J., presiding. The writ was dated August 22d, 1862, on which service was accepted the same day. The suit was entered at the September Term, 1862, the death of the plaintiff suggested, an appearance entered for the defendants by counsel, and the case continued to March term, 1863, when E. W. Huntley, executor of the plaintiff, entered to prosecute at the March Term, 1863. The defendants filed their pleas, one plea being the general issue, and the other a plea that at the service of the plaintiff's writ there was no such person as the plaintiff in existence.

On the day the case was tried, and just before the trial, the defendants filed a motion to dismiss, for the reason that the writ was never signed by the clerk, or any magistrate, or other officer. The court refused to entertain the motion or dismiss the action, on the ground that the time that had elapsed since the cause was entered, in connection with the pleadings and other proceedings in the case, was

a waiver of that objection to the writ, and dismissed the motion, and proceeded to try the case upon the other pleadings in the cause, and rendered judgment for the plaintiff. To the decision of the court upon the motion to dismiss the defendants excepted.

*L. Henry* and *Wing & Lund,* for the defendants.

The statute prescribes how all writs returnable to the county court shall be signed. G. S. 289 § 3.

The writ is the foundation of the whole record, and if there is no writ, there is nothing upon which to base a judgment and record.

Is this a defect that would be waived by continuance and pleading? We insist that it is not. *Bailey* v. *Smith,* 3 Fairfield, 196 ; *Case* v. *Humphrey,* 6 Conn. 130 ; *Blodgett* v. *Brattleboro,* 28 Vt. 695.

Had the motion been made at the first term and within the rule, the writ could not have been amended, because it is void. *Brace* v. *Squire & Robinson,* 2 D. Chip. 49 ; *Dolbear* v. *Hancock,* 19 Vt. 388 ; *Wood* v. *Hill,* 5 N. H. 229 ; *Williams* v. *Van Meter,* 19 Ill. 293 ; *Dearborn* v. *Twist,* 6 N. H. 44 ; *Hutchins* v. *Edson,* 1 N. H. 139 ; *Hall* v. *Jones,* 9 Pick. 446 ; *Stayton* v. *Newcomber,* 1 Eng. (Ark.) 451.

In this case the court have no jurisdiction by process—nor of the process.

If the court have no jurisdiction of the process, it can do no legal act in the cause. *Case* v. *Humphrey,* 6 Conn. 130, before cited ; *Graman* v. *Raymond et al.,* 1 Conn. 39.

*Paul Dillingham,* for the plaintiff, cited in addition to cases cited in the opinion of the court, *Jennison et al.* v. *Hapgood,* 2 Aik. 31 ; *Pollard* v. *Wilder,* 17 Vt. 48 ; *Wheelock* v. *Sears,* 19 Vt. 559 ; *Simonds* v. *Parker,* 1 Met. 508.

ALDIS, J. The signature of a public officer—a justice of the peace or clerk of court—to a writ summoning a party to appear in court, is required, in order that the party thus summoned may know that he is required to appear by authority of law,—and that the sheriff or constable serving the process may have the authority of law for the performance of his duty. The whole object of the process is to secure the appearance of the party in court, and that accomplished the function of the process is performed.

Huntley *v.* Henry et al.

If there be error or irregularity in the process, the party upon whom it is served may appear and by plea or motion abate the writ. There are irregularities or defects in the process of so serious a nature that he is not required even to appear and a judgment by default would be void. But by appearing and answering to the declaration upon its merits most of such defects are waived. Again there may be errors in the process of such a character that they are wholly incurable, affecting the jurisdiction of the court upon the subject matter of the process, and which the appearance of the party and his pleading to the merits even will not be deemed to waive and cannot cure.

This subject has been recently very fully and ably considered by Judge BELL in the case of *The State* v. *Richmond*, 6 Foster, 232 ; and his opinion abounds with ample illustrations of these different classes of defects.

In speaking of those defects in process which affect the jurisdiction of a court through want of due service of process or of notice to the party rendering the proceeding void he says :—" they are void not absolutely or incurably, but void only till they are confirmed. The party who has not been duly summoned *is* always and everywhere understood to waive his exception if he appears and suffers a general continuance or pleads in bar of the action, or in any way submits his case to the judgment of the court without at once making his objection at the earliest opportunity."

It is claimed that the omission of the signature of the officer to the writ makes the process void, destroys the jurisdiction of the court.

But 1st. The statute does not enact that for such defect the process shall be void or that the court shall not have jurisdiction.

2d. The object of the writ being simply by authority of law to call the party into court and apprise him of the complaint to which he is to answer (wherein we differ from the courts of common law and most of our sister states, in which the declaration does not issue with the writ,) it is quite obvious that if the party do appear and plead to the merits and make no objection upon the ground that he was not duly summoned, he must be considered as waiving this ground of objection. The objection is in substance, merely *dilatory*,

Huntley *v.* Henry et al.

and therefore if urged at all should be presented at the first opportunity.

The jurisdiction of the court is ample, when the subject matter of the controversy is confided to it by law and is duly set forth in the pleadings and when the parties either upon summons or voluntarily appear and submit their case to the decision of the court. It does not depend upon the writ of summons.

The antecedent process is only to bring them into court. If without it they appear voluntarily and proceed to present to the court their claims and defences in due form of law, taking no exception to the want of antecedent process, they waive the irregularity.

Anciently in courts of common law a complaint in trespass was first filed in court and then a precept in the nature of an attachment issued against the defendant.

If the process be defective or irregular in point of form, or in the direction, service or return, the defendant may move to quash it. But this he should do as early as possible. Tidd in his Practice, p. 434, says :—if the defendant either proceed himself after discovering the irregularity, or lie by and suffer the other party to proceed, the court will not assist him. Tidd 90, 434 ; 6 Vt. 509 ; 17 Vt. 532 ; 1 Aik. 380.

Swift in his Digest, p. 610, expressly mentions as one ground of *abatement* merely, that " the writ is not signed by proper authority ;" classing it with other defects of form.

We have been referred to the case of *Wood* v. *Hill,* 5 N. H. 229, to show that a writ returnable upon a day out of term is *void.* But this was upon a motion to quash and the writ abated. In what sense it was *void* will appear from the more recent examination of the subject in that state by Judge BELL in *The State* v. *Richmond,* in 6 Foster. In *Blodgett* v. *Brattleboro,* 6 Vt. 695, the same defect was regarded as merely matter of abatement.

The case in the 6 Conn. 130, *Case* v. *Humphrey,* only shows that where one not authorized to make service serves a writ and the defendant does not appear and there is a judgment by default, such judgment is extra-judicial and void.

But if the party had appeared and made no objection to the ser-

vice and contested the case upon its merits can it be said that the judgment then would have been void? Clearly not. In *Holmes* v. *Essex*, 6 Vt. 47, where a sheriff served a writ in which he was interested, the court held that the defect must be taken by plea in abatement, and that *audita querela* to set aside the judgment would not lie.

Judgment affirmed.