ROBERT HOYT *v.* JAMES SMITH.

May Term, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed May 11, 1910.

*Writ—Amendment—Matter of Form—Mistaken Allegation of County Where Signed—Record—Construction—"Upon Consideration of the Court."*

Where a writ in a civil action returnable to, and entered in, Caledonia County Court, purported to have been signed at Barre in the

County of Washington by a justice of the peace, it was within the power of the county court under P. S. 1498, to grant plaintiff's motion to amend the writ according to the fact so as to read, "Dated at Groton in the County of Caledonia," averring that the writ was then and there signed by a justice of the peace of that county, as the alleged defect was one of form merely; and, as the record showed that, "upon consideration of the court," the motion was granted, it will be taken that the court found the writ to have been in fact issued as stated in the motion.

TRESPASS for assault and battery. Heard on the plaintiff's motion to amend the writ, and on defendant's subsequent motion to quash it, at the December Term, 1909, Caledonia County, *Stanton,* J., presiding. The one motion was granted, and the other denied. The defendant excepted. The opinion states the case.

*Robert W. Simonds* and *J. Rolf Searles* for the defendant.

The motion to quash the writ should have been granted. It is quite apparent that, to sanction the signing of a county court writ, it must be in a case within the fair meaning of the statute; if not, the process is used against law. The jurisdiction of a justice is limited to the county in which he lives so it must necessarily follow that if Samuel P. Welch was a duly elected justice within and for the County of Caledonia, he had no authority to issue the writ at Barre; if a justice within and for the county of Washington, he had no authority to issue the writ. *Hill* v. *Whitney,* 16 Vt. 461; *Austin* v. *Grout,* 2 Vt. 489; *Emerson* v. *Paine,* 9 Vt. 271; *Bradley* v. *Town of Richmond,* 6 Vt. 121; *Harris* v. *State,* 72 Miss. 960; *Atchinson etc. Co.* v. *Rice,* 36 Kan. 593; *Phillips* v. *Thralls,* 26 Kan. 780; *Wilcox* v. *Johnson,* 34 Kan. 655; *Foster* v. *McAdams,* 9 Tex. 542; *Learned* v. *Riley,* 14 Allen 109; *Brown* v. *Kellog,* 17 Wis. 475; *Roberts* v. *Warren,* 3 Wis. 736; *Crandall* v. *Bacon,* 20 Wis. 640, 91 Am. Dec. 451; *Rogart* v. *Miller,* 16 Pa. 592; *Murdy* v. *McCutcheon,* 95 Pa. 435; *King* v. *King,* 1 Penn. & W. 15; *Brandon* v. *Avery,* 22 N. Y. 470; *People* v. *Keeler,* 25 Barb. 426; 24 Cyc. 485; *Neely* v. *Morris,* 2 Head 595, 75 Am. Dec. 753; *Silver* v. *Kansas City etc. Co.,* 21 Mo. App. 5.

The statute requiring the justice to act within his prescribed territory is not complied with by action outside thereof. *State, Norman* v. *Smith,* 46 Mo. 60; *Kotch* v. *Bridges,* 45 Miss. 247; *Hall* v. *Ray,* 40 Vt. 576; *Evarts* v. *Burgess,* 48 Vt. 205.

An amendment of process cannot cure the lack of a statutory requisite. *Carpenter* v. *Gookin,* 2 Vt. 495; *Emerson* v. *Wilson,* 11 Vt. 357; *Thompson* v. *Colony,* 6 Vt. 91; *Hadley* v. *Chamberlin et al.,* 11 Vt. 618; *Gibson* v. *Holmes et al.,* 78 Vt. 110; *Vose* v. *Deane,* 7 Mass. 280; *Billings* v. *Avery,* 7 Conn. 236; *State Treasurer* v. *Danforth,* Brayt. 140; *Com.* v. *Bolton,* 1 S. & R. 328; *Bridge* v. *Ford,* 4 Mass. 641.

*M. M. Gordon* and *Harland B. Howe* for the plaintiff.

The defect was mere matter of form, and was amendable according to the fact. *Boyd* v. *Fitch,* 71 Ind. 306; *Foot* v. *Nooles,* 4 Met. 391; *Harrison* v. *Hulley,* 46 Ala. 84; 20 Enc. Pl. & Pr. 1118; *Pollard* v. *Barrow & Capron,* 77 Vt. 1.

WATSON, J. The defendant moved that the writ be quashed and the suit dismissed on the grounds, simplified, (1) that the writ was signed at the City of Barre, in the County of Washington, by a justice of the peace, and made returnable to the county court in Caledonia County; (2) that the recognizance in the writ was given at said City of Barre before said justice of the peace, he having no authority there to act. Before hearing upon this motion the plaintiff moved to amend the writ according to the fact so to read, "Dated at Groton, in the County of Caledonia," averring that it was there signed by a justice of the peace of that county.

"Upon consideration of the court," the latter motion was granted and the plaintiff allowed to amend his writ. The motion to dismiss was then overruled, to which defendant excepted.

The defect was one of form,—see *Huntley* v. *Henry,* 37 Vt. 165,—and if on hearing the motion to amend it was found that the writ was in fact issued as set forth in the motion, it was within the power of the court to grant an amendment accordingly. P. S. 1498. With such amendment made the writ shows security given to the defendant, by way of recognizance, as the law requires.

The record does not in terms state that it was so found; yet in effect it so shows, for the words "upon consideration" are construed as meaning upon *due* consideration, nothing appearing to the contrary, which means as here used consideration in proper course of procedure. It follows that the motion to dismiss was properly overruled.

*Judgment affirmed and cause remanded.*