EUGENE H. PERRY *v.* MAUD E. PERRY.

October Term, 1920.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

·Opinion filed November 9, 1920.

*Process—Without Process Court Has No Jurisdiction—Common Law Governs Contents of Process in Absence of Statutory Provision—Summons in Divorce Proceedings—Must Contain Notice of Time and Place of Appearance—Void Process Cannot Be Cured by Amendment.*

1.  If the court is without process, it is without jurisdiction of the person or the subject-matter.
2.  The process in divorce proceedings is not within the provisions of G. L. 1706, requiring that original writs shall set forth the time and place of appearance, since the procedure in such proceedings is not controlled by the law and forms that prevail in common-law cases.
3.  In the absence of an express provision in G. L. 3569 requiring that the time and place of appearance shall be set forth in the summons· in divorce proceedings, the common law must be resorted to in determining what is necessary to due process in such a summons.
4.  It is a fundamental rule in the administration of justice that sufficient notice and adequate opportunity to defend is essential to the jurisdiction of the court; and special importance is attached to notice in divorce proceedings in which the public has a vital interest.
5.  A summons in divorce proceedings must specify with reasonable certainty a time and place for the libellee to appear and defend or the process is without force and void.
6.  If a summons in divorce proceedings does not give the libellee the required legal notice as to time and place of appearance,

the court is without jurisdiction, unless the libellee waives the defect by a general appearance.

7. In such case, the defect goes to the jurisdiction of the court, and cannot be cured by amendment.

8. To constitute valid process under G. L. 3569, it should serve to notify the libellee of the court before which appearance is required, and of the time and place of its sitting; and a summons that merely summoned the libellee " to appear before the county court within and for the county of Windsor at Woodstock in said county then and there to answer," etc., is insufficient to give the court jurisdiction.

PETITION for divorce. Heard by Court at the June Term, 1920, Windsor County, *Stanton,* J., presiding. The libellee appeared specially by attorney, and moved to dismiss the petition upon the ground that said libellee was not cited to appear at any stated term of said court, and, for the further reason, that said citation or summons was too uncertain, doubtful, and indefinite. The motion was overruled, and the libellee allowed an exception.

The cause was then heard on the merits, the libellee not appearing nor entering a general appearance therein, and the following judgment or decree was entered: "Notice, marriage and residence proved, and bill granted for wilful desertion. Decree not to issue until libellee's exceptions are disposed of. Exceptions allowed libellee." The opinion states the other facts in the case.

*Ira H. LaFleur* (specially) for the libellee.

*Charles Batchelder* for the libellant.

TAYLOR, J. The bill of exceptions raises a question as to the validity of the summons issued on a libel for divorce. January 3, 1920, the libellant preferred a petition to "the county court within and for the county of Windsor, holden at Woodstock in said county" praying for a bill of divorce. A summons was issued the next day by the clerk directing that the libellee be summoned "to appear before the county court within and for the county of Windsor at Woodstock in said county then and there to answer," etc. Personal service of the libel and summons was made on the libellee in this State on January 20, 1920,

and the case was entered in the court on January 27, 1920. May 25, 1920, the libellee entered a special appearance by attorney, and filed a motion to dismiss the libel on the ground that she was not cited to appear to any stated term of the court, and for the further reason that the summons was "too uncertain, doubtful and indefinite." The case came on for hearing at the June term, 1920, of said court; and, the motion to dismiss being overruled, the libellee was allowed an exception. Thereupon the cause was heard on the merits, the libellee not appearing to contest the libel, and a decree was entered for the libellant, but not to be issued pending a hearing in this Court on the libellee's exceptions.

[1]  There is nothing in the libel or summons to appraise the libellee of the time when she was required to appear. Manifestly the process is not in good form in this regard, but the controlling question is whether the irregularity is of such a character as not to give the court jurisdiction of the process. It is a rule of general application that if the court is without process it is without jurisdiction of the person or the subject-matter. *Roy* v. *Phelps,* 83 Vt. 174, 178, 75 Atl. 13.

[2]  The libellee relies upon the claim that the process in divorce proceedings is an original writ within the provisions of G. L. 1706, which requires that such writs shall set forth the time and place of appearance; and it is argued that it is essential to validity that the summons should be framed with regard to the provisions of this statute. But this section of the statute does not apply to process in divorce proceedings. It was held in *Shackett* v. *Shackett,* 49 Vt. 195, that in such cases the procedure in this State is not subject to and ruled by the law and forms that prevail in common-law cases.

[3-5]  So far as applicable here, the requirements as to notice in divorce proceedings are found in G. L. 3569, which provides that a libel, with a summons to appear and answer thereto, shall be served upon the libellee in this State at least twelve days before the sitting of the court to which the same is returnable, by delivering to him a true and attested copy thereof. While the statute does not expressly require that the time and place of appearance shall be set forth in the summons, it does not follow that they can be omitted without invalidating the process. In the absence of an express provision of the statute, the common law must be resorted to in determining what is necessary to

due process in such a summons. *In re Allen,* 82 Vt. 365, 73 Atl. 1078, 26 L. R. A. (N. S.) 232. It is a fundamental rule in the administration of justice that sufficient notice and adequate opportunity to defend is essential to the jurisdiction of the court. Special importance is attached to notice in divorce proceedings in which the public has a vital interest. Actual notice to the libellee is required when possible, even when domiciled out of the State. G. L. 3569-3572. Considering the object of the notice it is evident that the statute requires reasonable certainty in the summons as to time and place of appearance. It serves not only to notify the libellee that a proceeding has been commenced against him, but it is designed to warn him that he must appear at a time and place named to make such a defence as he has. As with process generally, the summons must conform to the express or implied requirements of the statute, and it must specify a time and place for the libellee to appear and defend. For want of reasonable certainty in respect of these matters, the process is without force and void. 21 R. C. L. 1267; 9 R. C. L. 409; 19 C. J. 100.

Such is the true import of our cases where the question has arisen in divorce proceedings. In *Parker* v. *Parker,* N. Chip. 27, the libel was dismissed on motion because the summons was not signed by one having authority under the statute to do so. In *Moffat* v. *Moffat,* 10 Vt. 432, the service was made by an indifferent person, not particularly named in the process, and it was held to be fatal. In *Philbric* v. *Philbric,* 27 Vt. 786, the libel was not signed, and the summons, otherwise regular, was signed by a justice of the peace, who then did not have authority to sign such process. It was held that the proceedings were fatally irregular, that the defects were not amendable, and that the irregularity was not cured by the appearance of the libellee at the taking of the testimony. In this connection it is to be remembered that at that time the jurisdiction in matters of divorce was in this Court where the hearing was on evidence taken out of court. The notice in *Spafford* v. *Spafford,* 16 Vt. 511, was quite as effectual as in the instant case. The libellee was set up as living out of the State in parts unknown. An order was made requiring notice by publication or by delivering to him an attested copy of the libel and order, but no person was named in the order to make the service. The service was by the delivery by an indifferent person of a copy of the libel

and order to the libellee at a place within the State, which was verified by affidavit. It was held that no such process issued as the statute required in such case; that no legal notice was given, if the process had been sufficient; and that the notice given the libellee was one which by law he was not bound to regard.

[6, 7]   From these and other cases that could be cited it is clear that the question is not affected by the fact that the libellee had actual notice of the proceedings sufficient to enable her to appear. If the summons did not give her the required legal notice, the court was without jurisdiction, unless she. saw fit to waive the defect by a general appearance. Moreover, we cannot·agree with the libellant's contention that if the notice was insufficient he was entitled to an opportunity to apply for an order correcting the irregularity. This claim overlooks the fact that the defect goes to the jurisdiction of the court, and cannot be cured by amendment.

· [8]. To constitute valid process under G. L. 3569, it should serve to notify the libellee of the court before which appearance is required, and of the time and place of its sitting. It is unnecessary to consider how it would be if the process in this case notified the libellee to appear before the then next stated term of the Windsor county court, for it fails to give her even that notice. She is merely directed to appear before such court at Woodstock; but whether immediately, or at a special session, which the presiding judge may at any time order (G. L. 1612), or at the next or some subsequent stated term, is left to be inferred. It is unnecessary for present purposes to define more particularly what would constitute "reasonable certainty" as to the time of appearance. We hold that the process in this case is ·fatally defective in that regard, and that the libellee's motion to dismiss should have been sustained.

*Decree reversed, and libel dismissed.*