CORWIN C. ELWELL *v.* MERTON OLIN ET AL.

May Term, 1926.

Present: POWERS, SLACK, BUTLER, and FISH, JJ., and MOULTON, Supr. J.

Opinion filed October 6, 1926.

*Process—When Void and When Merely Voidable—When Amendable—Replevin—Clerical Error in Writ Amendable.*

1. Voidable process is valid until attacked, and may be amended, but void process is an absolute nullity from the beginning, and is not subject to amendment.

2. Where defect in process is such as to result in failure to confer jurisdiction, process is void.

3. Where process, although irregular, is such as to give jurisdiction, it may be amended, if it can clearly be determined from process itself what was intended.

4. Where replevin writ directed officer serving same to replevy property and deliver it to plaintiff "provided he gives a bond in a penal sum which shall be total the appraised value, etc.," writ was voidable, but not void, and may be amended to conform to requirements of G. L. 2111, which provides that "such a writ shall require the bond to be given for double the value of the property, etc.", statutory bond having in fact been taken.

5. In such writ, substitution of word "total" for "double" *held* to be merely clerical error, and court below having jurisdiction of parties and subject-matter allowance of amendment curing such error was proper.

ACTION OF REPLEVIN. Motion by defendants to dismiss action because of alleged defect in writ. Plaintiff moved to amend writ. Trial by Bennington municipal court, *William J. Meagher,* Judge. Motion to dismiss overruled and amendment allowed. The defendant excepted. The opinion states the case. *Affirmed and remanded.*

*F. C. Archibald* for the defendants.

This action of replevin, in the form in which it is brought, is

statutory and right to maintain such action is only to be exercised upon compliance with terms which statute has imposed. *Thayer* v. *Partridge,* 47 Vt. 423; *Bennett et al.* v. *Allen,* 30 Vt. 684; *Prescott* v. *Starkey,* 71 Vt. 118; *White* v. *Hall,* 91 Vt. 57.

*Holden & Healy* for the plaintiff.

The officer's return states that bond was for double the value of goods replevied, and such return is conclusive between the parties. *Shapiro* v. *Reed,* 98 Vt. 76, 126 Atl. 496; *McKinstry* v. *Collins,* 76 Vt. 221, 56 Atl. 985.

An original writ may be amended when there is sufficient expressed to determine with certainty the nature and object of the process. *Chadwick* v. *Divol,* 12 Vt. 499; *Stewart* v. *Martin,* 16 Vt. 397; *Huntley* v. *Henry,* 37 Vt. 165; *Hoyt* v. *Smith,* 83 Vt. 412; *Barton* v. *Sutton,* 93 Vt. 102; *Bent* v. *Bent,* 43 Vt. 42; *Schlitz* v. *Lowell Mutual Ins: Co.,* 96 Vt. 342; *York* v. *Partridge's Estate,* 99 Vt. 329; *Hammond* v. *Eaton,* 15 Gray, p. 186.

MOULTON, Supr. J.   This case comes up on exceptions from the Bennington municipal court. It is an action of replevin for the carcass of a buck deer. The writ directed the officer serving the same to replevy the property and to deliver it to the plaintiff "provided he gives a bond in a penal sum which shall be total the appraised value of said carcass, with sufficient surety or sureties to prosecute his replevin, etc." The writ was served, the carcass replevied, and the officer took a bond for double the value, as the statute directed, and so stated in his return.

The defendants moved to dismiss because the writ was not in accordance with G. L. 2111, which provides that "Such a writ shall require the bond to be given for double the value of the property, but shall not state the amount thereof." Upon the filing of this motion, the plaintiff moved to amend the writ by changing the word "total" to "double." The amendment was allowed, the motion to dismiss overruled, and the defendants excepted.

The defendants' claim of error is based upon the position that, the action being statutory, and the statute specifically providing that the writ shall require the officer to take a bond for double the value of the property, an omission to do so rendered the proceedings fatally defective, and no amendment could be

allowed. Consequently, that the motion to dismiss should have been granted.

[1, 2]    The decision of this case depends upon the determination of the question whether the irregularity in the writ, rendered it voidable or void. Voidable process is valid until attacked, and may be amended; void process is an absolute nullity from the beginning, and is not subject to amendment. *Roy* v. *Phelps,* 83 Vt. 174, 177, 75 Atl. 13; *Barton* v. *Sutton,* 93 Vt. 102, 104, 106 Atl. 583. Where the defect in the process is such as to result in failure to confer jurisdiction, the process is void, for jurisdiction of the process is necessary to jurisdiction of the subject-matter; and there is no power to allow an amendment for that, in itself, is an exercise of jurisdiction. *Roy* v. *Phelps,* 83 Vt. 174, 177, 75 Atl. 13; *Perry* v. *Perry,* 94 Vt. 487, 489, 111 Atl. 632; *Pinkham* v. *Jennings,* 123 Me. 343, 122 Atl. 873.

[3]    But an amendment is allowable where the process, although irregular, is sufficient to give jurisdiction—where there is anything to amend by; that is, when it can clearly be determined, from the process itself, what was intended. *Dean* v. *Swift,* 11 Vt. 331, 333; *Perry* v. *Perry,* 94 Vt. 487, 489, 111 Atl. 632; *Stewart* v. *Martin,* 16 Vt. 397, 401; *Huntley* v. *Henry,* 37 Vt. 165; *Hoyt* v. *Smith,* 83 Vt. 412, 76 Atl. 107; and *Parsons* v. *Swett,* 32 N. H. 87, 64 A. D. 352.

[4]    The writ in the instant case is of the latter class. The direction to the officer making the service to take a bond in total the value of the property, instead of in double the value, as required by the statute, was not a defect of such a nature as to render the process void, especially where, as in this case, the statutory bond was in fact taken. In *Simonds* v. *Parker,* 1 Metc. (Mass.) 508, 510, it was held that where a replevin writ directed the officer to take a bond in a fixed sum, instead of in double the value of the property replevied, as ascertained by appraisal or agreement, as required by statute, the irregularity was waived by failure to make timely objection. This, of course, is equivalent to saying that the defect rendered the writ voidable only, and not void.

In *Poyen* v. *McNeill,* 10 Metc. (Mass.) 291, a replevin writ directed the officer serving the same to take a bond "with sufficient surtey or sureties." The statute required a bond with more than one surety; and the officer in fact took a bond with two sureties. Under a statute, similar to our Practice Act

(G. L. 1795, 1796), allowing amendment in form or substance "of any process," the Supreme Judicial Court of Massachusetts held the writ amendable by striking out the words "surety or." Under the same statute, in *Jaques* v. *Sanderson,* 8 Cush. (Mass.) 271, where the value of the property replevied was not stated in the writ, an amendment, alleging the value within the jurisdiction of the court, was allowed, since the court had jurisdiction of the parties and the subject-matter; the value as alleged was not disputed; and no new element of jurisdiction was thereby introduced. To the same effect is *Judson* v. *Adams,* 8 Cush. (Mass.) 556, where a replevin writ returnable in Norfolk County alleged the taking to have been in Suffolk. An amendment changing the place of taking to Norfolk was allowed, the court remarking "this is a matter of the merest form."

[5] In the case before us, the substitution of the word "total" for "double" was undoubtedly a clerical error. The court below had jurisdiction of the parties and of the subject-matter, and the allowance of the amendment was proper. No error appears.

This disposition of the case renders it unnecessary to consider the other reasons urged by the plaintiff for sustaining the judgment below.

*Judgment affirmed and cause remanded.*