## EXCHANGE NAT. BANK OF SHREVEPORT, LA., v. JOSEPH REID GAS ENGINE CO.

(Circuit Court of Appeals, Fifth Circuit. March 13, 1923.)

No. 3985.

1. Courts ⬅509—Federal court has jurisdiction to enjoin execution of judgment of state court.

A federal court of equity has the same jurisdiction in case of diverse citizenship to grant relief against a judgment of a state court which has been obtained without competent service or voluntary appearance, or where its enforcement would be a fraud on complainant, as if the judgment had been rendered by the federal court.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Process ⊚⟹39—Signature of clerk held requisite to validity.**

Under Code Prac. La. art. 179, providing that a citation to defendant must be signed by the clerk, a citation or summons not so signed is a nullity.

**3. Judgment ⊚⟹92—Strict compliance with law necessary to sustain default judgment.**

Where judgment is rendered by default, without appearance having at any time been made, and the defendant therein is not in fact indebted, strict compliance with the proceedings necessary to the rendition of such judgment will be exacted.

**4. Judgment ⊚⟹414—Enforcement of judgment against garnishee, who was not in fact indebted, without actual notice, enjoined as unconscionable.**

Enforcement of a judgment for $15,000 against a foreign corporation as garnishee on service of citation on its agent appointed for service under the state law, who was defendant in the principal action in which the garnishment was issued, *held* unconscionable and enjoined, where complainant was not in fact indebted to the principal defendant and had no actual notice or knowledge of the proceedings.

Appeal from the District Court of the United States for the Western District of Louisiana; George W. Jack, Judge.

Suit in equity by the Joseph Reid Gas Engine Company against the Exchange National Bank of Shreveport, La. Decree for complainant, and defendant appeals. Affirmed.

For opinion below, see 281 Fed. 847.

Donald C. Dickson, of Shreveport, La., for appellant.

W. P. Hall and Otis W. Bullock, both of Shreveport, La., for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. The Exchange National Bank of Shreveport, La. (hereinafter styled Bank), obtained a judgment against W. L. Dickinson in a state court for $15,150 principal, with interest and attorney's fees. Thereafter it caused garnishment process to issue against Joseph Reid Gas Engine Company, requiring it to answer in 10 days from date of service of summons certain interrogatories annexed to such summons. This summons, which was not signed by any officer, was served on the defendant Dickinson as said Reid Company's agent. Neither said summons, nor any other notice of said garnishment proceedings, was conveyed to said Reid Company, and on February 23, 1922, a judgment pro confesso was entered against it on said garnishment proceedings for said sum of $15,150, with interest and attorney's fees. Reid Company were located at Oil City, Pa., and had no notice or knowledge of said proceedings until after the judgment against it had been signed and the time for applying for a new trial had expired.

Reid Company filed its bill in the United States District Court for the Western District of Louisiana to enjoin the enforcement of said judgment, on the ground that it had never been legally served with said summons, because Dickinson, being defendant in said suit, was not a competent agent upon whom service could be made; that it had no notice of said proceedings, and said judgment was inequitable and unconscionable. Reid Company avers that at the time of said entry of

judgment it owed Dickinson no sum whatever, and that it was never served in contemplation of law; that said judgment is unconscionable and unjust, and rendered against plaintiff without any indebtedness or obligation existing on its part; that Dickinson was appointed its agent under the laws of Louisiana, and that service on him is good only as to suits arising out of business transactions and obligations incurred in business conducted in said state; and that said garnishment is not such a suit.

The facts were not in dispute, and showed that Reid Company never received said summons or any notice of said proceedings until after entry of judgment against it; that either Dickinson never apprised it of such service, or, if he did, the notice miscarried; and that at no time during the entire proceeding described in the record was Reid Company indebted to Dickinson. The court held that such judgment was inequitable and unconscionable, and a perpetual injunction was decreed against said Bank.

[1] That the United States courts have the same jurisdiction in case of diverse citizenship to afford relief against a judgment rendered in a state court in cases where such judgment has been procured without competent service or voluntary appearance, or when its enforcement would be a fraud on petitioner, as if the judgment had been rendered in the federal court, is not disputed. Marshall v. Holmes, 141 U. S. 589, 597, 12 Sup. Ct. 62, 35 L. Ed. 870; Howard v. De Cordova, 177 U. S. 609, 613, 20 Sup. Ct. 817, 44 L. Ed. 908.

[2] The citation or summons addressed to the Reid Company concluded:

"Witness the Honorable ———, Judge of said Court, this 30th day of January, Anno Domini 1922. ———, Deputy Clerk."

The return of the sheriff showed this citation was served by delivering a copy thereof to said Dickinson. No exception to the form or sufficiency of said citation or summons is made in the bill of complaint or appears to have been urged in the District Court. Had it been the summons would appear to be a nullity under the Code of Practice of Louisiana and the decisions of the courts of said state. Code of Practice, art. 179, provides:

"Citation addressed to defendant must be drawn in English; it must mention: 1. Title of the cause. * * * 7. It must be signed by the clerk who delivers it, and express his quality; it must be sealed with the seal of the court by whose order it is given."

In the case of Schwartz v. Lake, 109 La. 1082, 34 South. 96, the citation was unsigned by the clerk, and the Supreme Court said:

"This paper bore the seal of the court, but, as may be noticed, was not signed by the clerk, and was not dated. The proof is, however, that those of the blanks that were filled were so filled in the handwriting of the clerk, and that it was served in person on the defendant. Unless a defendant can be cited without a citation, we do not see how it can be contended that the defendant in this case was cited. This unsigned paper was certainly not a citation, and the copy of the petition was not a citation, and the two together were not a citation. A citation is an order from the court to the defendant to appear and answer, and this order can emanate only from the clerk, and only under his signature. It is the clerk's signature that

imparts legal life to the document called a 'citation.' Without the clerk's signature, the document is nothing more than mere writing or print."

Code of Practice, art. 206, provides:

"Citation being the essential ground of all civil actions in ordinary proceeding, the neglect of this formality annuls radically all proceedings had, unless the defendant has voluntarily appeared to the suit and answered the demand."

[3] As this defect could be asserted if the case was remanded for further proceedings, it is sufficient to sustain the decree of the court, if we did not agree that the judgment in the garnishment proceedings should be enjoined as unconscionable and inequitable. Where a judgment is rendered by default, without appearance having at any time been made, and the defendant therein is not in fact indebted, a strict compliance with the proceedings necessary to the rendition of such judgment will be exacted. 15 R. C. L. p. 669; Harris v. Hardeman, 14 How. 334, 14 L. Ed. 444.

[4] We agree, however, with the District Court that the judgment should be enjoined as inequitable and unconscionable. The garnishee, Reid Company, was a nonresident; its home being in Pennsylvania. The alleged service upon it was attempted by serving as its agent the defendant, against whom a judgment had been rendered. His relation to the main case as defendant was well known to the plaintiff Bank. The papers so served were never received by the Reid Company, if in fact ever sent. If sent, then by misadventure for which it was not responsible Reid Company never received them, and had no other notice of the pendency of the garnishment, or, so far as appears, of the existence of the judgment against Dickinson. If they were not sent, then they must have been withheld by Dickinson, and a fraud thus committed on the Reid Company.

Under the facts of this case, we think the judgment against Reid Company was issued under such circumstances of misapprehension on its part, or of fraud on it, that it was unconscionable and inequitable and was properly enjoined.

The decree of the District Court is affirmed.