JAMES H. PINKHAM *vs.* TUDOR G. JENNINGS.

Cumberland.    Opinion December 21, 1923.

*An instrument purporting to be a writ, containing the same statement that appears upon the face of a regular writ, but is not attested by the clerk of any court, neither has the seal of any court impressed upon it, is absolutely invalid and confers no jurisdiction upon the court in which it is entered. The want of jurisdiction when it appears upon the face of a record can be raised by motion to dismiss at any stage of the proceedings and cannot be waived.*

Such an instrument presents no process to the court upon which it could predicate an amendment or any other action, except to dismiss it from the files of the court as a document improperly entered thereon.

On exceptions.   A proceeding in the form of an action in assumpsit in which plaintiff seeks to recover commissions alleged to be due for the sale of a timber or wood lot.   The instrument purporting to be a writ, dated September 13, 1922, presents no evidence whatever of having been issued by authority of the court, as it bears no seal of the court and has no attesting signature of the clerk of any court. The defendant waived service, appeared and pleaded the general issue.   When the case was called for trial and before it was opened to the jury, the defendant filed a motion to quash the writ and dismiss the case which was granted by the court and the writ quashed, and plaintiff entered exceptions.   Exceptions overruled.

The case is fully stated in the opinion.

*Howard Davies*, for plaintiff.

*Joseph E. F. Connolly and Jacob H. Berman*, for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

SPEAR, J. The exceptions state the case as follows: "This was an action of assumpsit wherein the plaintiffs sued to recover under an account annexed to the writ and common omnibus account the sum of $500.00, for commission to him for the sale of a certain timber or wood lot. The writ was not attested by the Clerk of any Court, neither was there any seal of any court impressed upon the writ. The general issue was pleaded by the defendant to the merits of the case and filed on the first day of October Term, 1922. When the case was called for trial and before it had been opened to the jury on the part of the plaintiff, the defendant presented a motion to quash the writ and dismiss the case. The motion was granted by the court and the writ quashed."

We have seen accounts of the entry of writs in court without a seal and of writs without the signature of the clerk, but we do not recall an instance of a case in which a writ has been entered devoid of both of these statutory requirements. We have never run across a judicial bird so completely featherless. The plaintiff, however, claims that his exceptions should be sustained upon the ground that the defendant by pleading the general issue waived the irregularities apparent upon the face of the writ, but cites no case directly pertinent to the issue involved. But, regardless of authority, we are not prepared to hold that a writ with neither seal nor signature of the Clerk of Courts, purporting to come from a court in which both a seal and the signature of the clerk are required, can confer any jurisdiction upon the court from which it purports to issue.

While the seal upon a writ is a matter of substance and not amendable, *Bailey* v. *Smith*, 12 Maine, 196, *Tibbetts* v. *Shaw*, 19 Maine, 204, *Witherel* v. *Randall*, 30 Maine, 168, it emphatically follows that the signature of the Clerk of Courts, or his deputy, which is required to be fixed by his own hand, R. S., Chap. 82, Sec. 5, is indispensable to the validity of any writ issuing from the court of which he is clerk. And, that this requirement is indispensable, is fully confirmed in *Bass* v. *Dumas*, 114 Maine, at Page 53. This was a case in which an officer was required to make the return of an attachment of personal property within five days as prescribed by Statute. The following quotation states the case and the application of the law: "A return

not signed by the officer is not a return, although it may be signed by someone else in his name and by his direction. The very office of a return requires a signature. And it is the signature which authenticates it and gives it its official character. When the signature of a public officer is required he must make it himself. He cannot delegate the doing. The question is res adjudicata in this State." For a stronger reason it is evident that the signature of the Clerk of Courts in his own handwriting upon a writ is necessary to give it validity.

In answer to the plaintiff's contention that the instrument which he entered in court, purporting to be a writ, was amendable, it would seem only necessary to point out that such instrument was nothing more than a piece of blank paper containing upon its face the same statement that appears upon the face of a regular writ, is absolutely invalid and conferred no jurisdiction upon the court in which it was entered, and, consequently, presented no process to the court upon which it could predicate an amendment or any other action, except to dismiss it from the files of the court as a document improperly entered thereon.

Want of jurisdiction when it appears upon the face of a record can be raised by motion to dismiss at any stage of the proceedings and cannot be waived. *Bailey* v. *Smith, Tibbetts* v. *Shaw,* supra, *Powers* v. *Mitchell,* 75 Maine, 364. Accordingly the motion to dismiss was the proper procedure and properly granted.

*Exceptions overruled.*