## HAROLD W. RAMSEY *v.* HARRY McDONALD.

February Term, 1936.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed May 5, 1936.

*Shields & Conant* and *James B. Campbell* for the plaintiff.

*Searles & Graves* for the defendant,

POWERS, C. J.   This purports to be an action of replevin in which the plaintiff seeks to establish his title to twenty tons of baled hay, which the defendant, a deputy sheriff, has seized on an execution issued on a judgment obtained by the Lancaster National Bank against one William Guptill.   The writ was returned to the April term of Essex County court, when the defendant appeared specially and filed a motion to dismiss the action.   Thereupon, the plaintiff filed a motion to amend the process in a way to avoid the defects relied upon by the defendant.   This motion was denied as a matter of law.   The motion to dismiss was then granted, and an order for a return of the property was issued.   The plaintiff excepted.

Two questions of law are presented:   1. Was the process void and therefore unamendable?   2. Was the order for the return of the property justified?

█ 1. We do not need to consider the provisions of P. L. Ch. 82, which includes our replevin law, except so far as it is embraced in P. L. 1910; for the proposed amendment only attempts to perfect a suit thereunder, and is wholly inapplicable to the other classes of replevin provided for in the chapter referred to. Nor do we need to consider the sufficiency of the proposed amendment to accomplish its evident purpose.   For, however this may be, P. L. 1919 blocks the plaintiff's suit.   It is therein provided that writs of replevin commenced under the provisions of P. L. 1910 shall be issued by a justice of the peace or out of a municipal court.   This is a positive mandate and cannot be ignored.   The process before us was not so issued.   It was signed only by a master in chancery.   We have, then, a writ issued by one without authority of law to sign it.

██ It has long been the law of this state that such a writ is fatally defective.   *Parker* v. *Parker*, N. Chip. 27; *Philbrick* v. *Philbrick*, 27 Vt. 786; *Andrus* v. *Carroll*, 35 Vt. 102, 103;

*Anderson* v. *Souliere*, 103 Vt. 10, 11, 151 Atl. 509. Such a paper is no writ at all, a nullity, and confers no jurisdiction. *Exchange National Bank* v. *Reid Gas Engine Co.* ( C. C. A.), 287 Fed. 870; *Pinkham* v. *Jennings*, 123 Me. 343, 122 Atl. 873; *Sherman* v. *Huot*, 20 Mont. 555, 52 Pac. 558, 63 A. S. R. 645. The process being void, there is nothing to amend. *Ray* v. *Phelps*, 83 Vt. 174, 177, 75 Atl. 13; *Perry* v. *Perry*, 94 Vt. 487, 489, 111 Atl. 632; *Elwell* v. *Olin*, 99 Vt. 460, 462, 134 Atl. 592.

So the first of the questions submitted to us is answered in the affirmative.

■ 2. It is expressly provided by P. L. 1924 that upon abatement, dismissal, non-suit, default, or trial, the court shall make such order for the return of the goods as is just. This provision fully justifies the order of return made by the court below. When one is haled into court on a writ of replevin so defective as to be utterly void, it is eminently just that he be restored to the advantage which the possession of the disputed property gave him. *Collamer* v. *Page*, 35 Vt. 387, is ample authority for this holding. See, also, *American Elec., etc., Co.* v. *Harmon*, 103 Vt. 263, 267, 153 Atl. 217.

So the second question submitted to us is also answered in the affirmative.

*Judgment affirmed.*