### UNITED STATES v. BACKOFEN and four other cases.

Nos. 9500–9502, 9549, 9577, 9685.

United States Court of Appeals Third Circuit.

Reargued May 16, 1949.

Decided June 30, 1949.

264

Morton Singer, New York City (John O. Muller, Irvington, N. J., P. Bateman Ennis, Washington, D. C., on the brief), for appellant in 9577, 9685, 9500, 9501 an 9502.

Joseph W. Solomon, Detroit, Mich. (George R. Sommer, Newark, N. J., on the brief), for appellant in 9549.

Edward V. Ryan, Asst. U. S. Atty., Newark, N. J. (Isaiah Matlack, U. S. Atty, Newark, N. J., Alfred E. Modarelli,

U. S. Atty., Newark, N. J., on the brief), for appellee.

Before BIGGS, Chief Judge, and GOODRICH, McLAUGHLIN, O'CONNELL and KALODNER, Circuit Judges.

McLAUGHLIN, Circuit Judge.

These appeals comprise a group of denaturalization cases which are vitally affected by the recent decision of the United States Supreme Court in Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, judgment modified 336 U.S. 942, 69 S. Ct. 398.

In Backofen, Koop and Neupert, on February 18, 1948 we affirmed the judgments of the District Court because of our opinion in the Klapprott case, 3 Cir., 166 F.2d 273, now reversed supra. We stayed the mandates in those issues pending review of our decision in Klapprott by the Supreme Court. The appeals in Fitting and Kohler were argued before this court on January 3, 1949 and October 21, 1948 respectively.[1] We reserved decision in both those matters pending final determination of the Klapprott litigation. Following the filing of the Supreme Court opinion in Klapprott, the five appeals were reargued before us.

In all of these cases the Trial Judge functioned under Rule 60(b), Federal Rules of Civil Procedure; 28 U.S.C.A., as it was before its amendment[2] and we ourselves decided Backofen, Koop and Neupert prior to said amendment which became effective March 19, 1948. Under the original Rule 60(b) the Court on motion could relieve a party from a judgment "taken against him through his mistake, inad-

---

[1] The Fitting appeal is discussed in this opinion immediately after the Backofen, Koop and Neupert appeals, simply as a matter of convenience. The complaints in those four suits were all filed the same date, October 23, 1942. Actually the Kohler complaint was filed first of the five, on May 12, 1942.

[2] The full text of the original Rule 60 (b) read as follows: "On motion the court, upon such terms as are just, may relieve a party or his legal representative from a judgment, order, or proceeding taken against him through his mistake, inadvertence, surprise, or excusable neg-

lect. The motion shall be made within a reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court (1) to entertain an action to relieve a party from a judgment, order, or proceeding, or (2) to set aside within one year, as provided in Section 57 of the Judicial Code, U.S.C., Title 28, § 118, a judgment obtained against a defendant not actually personally notified."

vertence, surprise, or excusable neglect" provided the motion was made within six months of the judgment. The rule also provided that "This rule shall not limit the power of a court (1) to entertain an action to relieve a party from a judgment, order, or proceeding * * *." The Trial Judge correctly construed that exception to mean that in a proper case, proceedings by way of bill of review or bill in the nature of a bill of review could be had.[3] He considered the applications in these matters as bills of review. His holding that at most they were for alleged error on the face of the record is not disputed nor is his finding that a bill of review for such error must ordinarily be brought within the time limited for an appeal.[4] He disposed of the applications on two grounds: (1) No error on the face of the record; and (2) Because in Backofen, Koop and Neupert the application was made over three years after the entry of judgment in the original proceedings; in Fitting, just less than three years, and in Kohler, four and one-half years. The Court attributed the delay to the defendants' wilful neglect.

In each of the suits, a complaint was filed in the District Court alleging that the particular certificate of naturalization had been illegally and fraudulently procured and seeking cancellation of said certificate on those grounds. The complaints in Backofen, Koop, Neupert and Fitting were filed October 23, 1942. The complaint in Kohler was filed May 12, 1942. Personal service of the summons and complaint upon the defendant was had in each case. Thereafter default judgments were entered in accordance with the prayers of the complaints. In Backofen, Koop and Neupert such judgments were entered June 15, 1943; in Fitting, judgment was entered August 10, 1943; in Kohler, judgment was entered July 17, 1942. In Backofen, Koop and Neupert testimony was taken in support of the allegations of the complaints. There was no such testimony in Fitting and Kohler. In Fitting an affidavit having to do with the mechanics of service of the complaint and order for service of same by publication was filed by the Government.

Amended Rule 60(b), as said, became effective March 19, 1948.[5] As amended, the rule, among other things, increased from six months to a year the time for making the motion for relief from a judgment on the ground of mistake, inadvertence, surprise or excusable neglect. It

[3] Fraser v. Doing, 76 U.S.D.C., 111, 130 F.2d 617, 620; Wallace v. United States, 2 Cir., 142 F.2d 240, 244; Moore's Federal Practice, V. 3, pp. 3255-3276.

[4] Ensminger v. Powers, 108 U.S. 292, 302, 2 S.Ct. 643, 27 L.Ed. 732; Central Trust Co. v. Grant Locomotive Works, 135 U.S. 207, 227, 10 S.Ct. 736, 34 L.Ed. 97; Peeke v. Citizens Banking Co., 6 Cir., 81 F.2d 112, 114.

[5] Amended Rule 60(b) provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Section 57 of the Judicial Code, U.S.C., Title 28, § 118, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

added to the rule the power of the Court to relieve the party from a final judgment for "any other reason justifying relief from the operation of the judgment." This provision carries no limitation of time other than the general restriction applying to the motion whatever its basis, namely, that "the motion shall be made within a reasonable time * * *." In Klapprott, despite the fact that amended Rule 60(b) did not become effective until after the District Court had denied the motion to set aside the default naturalization judgment and we had affirmed that action, the Supreme Court held that amended Rule 60(b) should be applied. The Court said 335 U. S. at page 609, 69 S.Ct. at page 387 of the opinion: "Petitioner should be afforded the benefit of the more liberal amended 60(b). For Rule 86(b) made amended 60(b) applicable to 'further proceedings in actions then pending' unless it 'would work injustice' so to apply the rule. It seems inconceivable· that one could think it would work any injustice to the Government to measure the petitioner's rights by this amended rule in this· case where all he asks is a chance to try the· denaturalization proceeding on its merits. Amended Rule 60(b) should be applied."

With substantially the same circumstances appearing in the instant matters, it is conceded that the above pronouncement is controlling here. Having it in mind we will examine the individual appeals.

### Backofen.

■ Appellant sent a letter to the District Court dated September 10, 1946 asking · that his case be reexamined. The Court regarded the letter as a motion to open and set aside the default judgment. With the matter coming under the then existing Rule 60(b) the Court decided it was without jurisdiction and dismissed the motion. Since under the Supreme Court's ruling in Klapprott, supra, amended Rule 60(b) is to be applied to this .case there

remain only the questions whether appellant's letter petition alleges "any other reason justifying relief from the operation of the judgment" and if so, whether the petition was presented within a reasonable time. The letter was written from the internment camp at Crystal City, Texas, where appellant had been interned for over three years. It states he is without funds to procure a lawyer and begs the Court "to please provide such counsel for the defense of my citizenship." The vague second paragraph of the letter can be interpreted to indicate that Backofen is trying to assert that he has a good defense to the charges against him.[6] The inferable facts are within the range of the detailed allegations of the Klapprott petition and of the Supreme Court's holding that those allegations came under the "any other· reason" clause of 60(b) to which the one year limitation provision does not apply. Since appellant now has an attorney, particulars of his petition should be readily available to the Government. And under the Klapprott rule in view of appellant's circumstances, the time within which his petition was filed can be accepted as reasonable.

### Koop.

The Koop facts are virtually identical with Backofen. Koop's letter to the Court is from the same internment camp and bears the same date. He asserts that he is without funds saying that ·'Otherwise I would have secured a ·lawyer at the time I lost my 'citizenship-papers' ''. He asks the Court to provide a lawyer for him. The same inference that he alleges a good defense can be taking from the second paragraph of his letter which is practically word for word, the Backofen language. The Trial Judge disposed of this matter as he did Backofen., He took the letter as a petition to reopen the judgment and denied the petition on the ground that the Court was without jurisdiction to reopen the judgment under Rule 60(b) as it then read.

---

[6] The second paragraph of the letter reads: "Since it is a fact that many former citizens who lost,· or were about to lose their citizenships, the charges against them having been the same or similar ones as in my case, have retained their citizenship status or has been· restored by order of the courts, I do `feel justified in asking that my case be re-examined."

We think that the Klapprott opinion governs as in Backofen.

## Neupert.

This case is similar to though stronger than either Backofen or Koop. Neupert's letter to the District Judge was dated September 11, 1946. It came from the Crystal City internment camp and was considered by the Court as a petition to reopen the judgment. Its pattern is that of the Backofen and Koop letters except that Neupert specifically states that "At the time my citizenship-paper was going to be revoked, I was physically and mentally unable to defend myself and wrote this to Mr. Charles M. Phillips, United States Attorney." [7] Its allegations bring it within the "any other reason" clause of 60(b) and as in the preceding two issues the predicament in which appellant says he found himself points to the motion being made within a reasonable time.

## Fitting.

■ The complaint was filed in this suit, October 23, 1942. A default judgment was entered on August 10, 1943. There was no testimony presented in support of the allegations of the complaint. A petition for rehearing was filed July 18, 1946. The Court considered this as a bill of review. Appellant after service upon him of the complaint and within the statutory sixty days, mailed the clerk of the District Court an answer for filing. The clerk returned this to him with the request for filing fees. Thereafter appellant returned the answer with the fees, to the clerk. The clerk refused to file the answer because the time for filing it had by then expired. The District Judge in his opinion dismissing the petition for rehearing (though he considered the answer "tantamount to a consent to the entry of judgment") assumed that the judgment was erroneously entered and that the error was one of the law upon the record. Being governed by 60(b) prior to its amendment, the Court considered that the failure of the appellant "to file a bill of review or take any other action in the proceeding, within a reasonable time after the entry of judgment is fatal," and so, dismissed the petition.

Applying amended Rule 60(b) to this issue in accordance with the directive of the Supreme Court, the question is the same as in the other matters previously considered, namely, whether the allegations of the petition warrant invoking the "any other reason" clause of 60(b) to which the one year limitation does not apply. The petition itself principally relies on: (1) The attempted filing of the answer; and (2) The contention that the default judgment was entered without the proof necessary to support it. In addition to this, the record before us shows that appellant was confined to a federal penal and correctional institution at Sandstone, Minnesota at the time the complaint in this cause was served upon him. The answer to the complaint was sent by him from that institution to the district court clerk. The clerk's letters to Fitting were addressed to the latter at Sandstone. The letter from the District Attorney to Fitting referred to in the petition for rehearing was sent to Fitting at the Sandstone institution. From the Government's appendix it appears that Fitting continued in confinement at Sandstone until at least some time in June 1945. Following that he was interned as an enemy alien at Bismark, North Dakota. In August 1945, in the United States District Court for the District of North Dakota, Fitting asked for a review of the District of New Jersey default judgment. In his petition in that cause, which is printed in the Government appendix, Fitting stated that in August 1943 in the District of New Jersey, citizenship cancellation proceedings, he did "offer surrender of citizenship under protest and coercion of insurmountable difficulties to a normal pursuit of justice then prevailing—August 1943." He further alleged that he was then "constrained and burdened by conviction in the Federal Court of the Southern District of New York" which was then on appeal and which was finally reversed by the United States Supreme Court on June 11, 1945. He

---

[7] There was a letter from appellant to the District Attorney dated December 19, 1942 stating that he would accept the Court's decision under protest

stated that "he is entitled to a review of his case and the restoration of his citizenship like others, as supra, in cases identical with his." The petition concluded by saying, "And your petitioner does pray and plead that this Court in view of the pressure of circumstances, threatening his liberty and his right, the right to life and happiness of his American family, wife and children, will forthwith take the steps called for in this instance to save him and his family for [from] further loss, humiliation and subjection to a cruel fate." That motion in which Fitting acted pro. se, was denied August 15, 1945. The petition to the Court below for rehearing was filed on June 18, 1946.

Pieced together this case presents allegations comparable to those asserted by Klapprott in his petition and Fitting can be said to contend that during the period between the filing of the default judgment against him and the filing of his petition for rehearing in the Court below, he was in "an extraordinary situation which" as the Supreme Court says in Klapprott "cannot fairly or logically be classified as mere 'neglect' on his part". Therefore the time within which the petition for rehearing was filed, under the alleged circumstances, can be construed to be reasonable.

### Kohler.

The summons and complaint were personally served on appellant May 14, 1942. On July 8, 1942, within the statutory sixty day answer period, Kohler wrote the District Attorney a letter which began: "This is in answer to the complaint served [on] me May 14, 1942 * * *." On July 17, 1942, a default judgment was entered against Kohler. There was no testimony taken in proof of the allegations of the complaint. On January 15, 1947, Kohler wrote the District Judge asking reconsideration of his case saying, "I never had a chance to defend myself." On July 11, 1947, the District Court made an order to show cause why the judgment of denaturalization should not be set aside. This was based upon the affidavits of Kohler and of his attorney. In Kohler's affidavit he stated that the judgment cancelling his citizenship papers was entered without notice and said further, "Before I had an opportunity to act thereon the authorities had taken me into custody and had sent me to internment camp." He said that the reason he did not act sooner was because he was unable to retain counsel. He asserts that the authorities at the internment camp were very strict and because of this he says, "I was unable to make arrangements for suitable representation." On September 8, 1947, the order to show cause was discharged "without prejudice to the right of the defendant to pursue further remedies by other proceedings." An appeal was taken from that order and that is before us.

On July 16, 1947, a bill of review was filed on Kohler's behalf asking that the default judgment against him be vacated. The Court below assumed the correctness of appellant's contention that the letter to the District Attorney was sufficient answer but acting under 60(b) prior to amendment held that the bill of review had been filed too late. Once more it is noted that the Supreme Court's Klapprott opinion has admittedly made amended Rule 60(b) the law in this suit also. Therefore if "any other reason justifying relief from the operation of the judgment" appears, the only time limitation for an application founded on such reason to reopen the judgment is that it be made "within a reasonable time."

The bill of review alleges that Kohler appeared and answered the denaturalization complaint by the letter above referred to. It states he appeared in person "due to his inability to retain counsel". It claims that Kohler had no notice of the case being called on July 17, 1942. It goes on to say that immediately after the entry of the default judgment against him he was arrested and interned at Crystal City, Texas and that at present he "is detained at Ellis Island as an alleged alien enemy".

Those allegations are clearly of the Klapprott type. They set up the same sort of what the Supreme Court terms "extraordinay situation" as Klapprott urged and bring into force the "any other reason" clause of Rule 60(b). Regarding the question of whether or not the bill of review was filed within a reasonable period, Koh-

ler was in the Crystal City internment camp from substantially the time the default judgment was entered against him until 1947 and thereafter at Ellis Island until paroled. He states that he was unable to obtain legal representation until after his release from Crystal City. With these allegations we think that under the Klapprott opinion we must consider that the bill of review was filed within a reasonable time.

As seen, there are two appeals in this matter. The first, No. 9577, is from the order discharging without prejudice the rule to show cause why the denaturalization proceeding should not be set aside. The second, No. 9685, is from the dismissal of the bill of review. The Trial Judge acting as he was under Rule 60(b) prior to its amendment, discharged the order to show cause because it did not comply with the then plainly indicated practice of filing a bill of review. The discharge of the order was without prejudice in order to enable appellant to file his bill of review. Since, however, by the Klapprott decision, amended Rule 60(b) is effective in this proceeding and since the rule to show cause was really a motion in the litigation which squarely presented to the Court the "any other reason" for reopening the default judgment, there is no present necessity for dealing with the later bill of review. Amended Rule 60(b) in abolishing bills of review provides that "the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action." The affidavits on which the rule to show cause was issued will be considered in the light in which the Trial Court received them, namely, as a petition or motion to reopen the default judgment.

The Supreme Court's amended judgment of April 4, 1949 in the Klapprott suit, 336 U.S. 942, 69 S.Ct. 384, 398, remanded the cause to the District Court "with directions to receive evidence on the truth or falsity of the allegations contained in petitioner's petition to vacate the default judgment entered in the denaturalization proceeding". Such course will be followed in each of these appeals.

The judgments in Nos. 9500, 9501, 9502, 9594 and 9685 will be reversed and the causes remanded with directions to the District Court to receive evidence on the truth or falsity of the allegations of the appellants contained in their petitions to vacate the default judgments entered in their respective denaturalization proceedings. The judgment in No. 9577 will be affirmed.