**THOMAS v. MARVINS CREDIT, Inc.**

No. 951.

Municipal Court of Appeals for the
District of Columbia.

Submitted Oct. 16, 1950.

Decided Nov. 9, 1950.

774

Andrew W. Carroll, Washington, D. C., for appellant.

Abraham Chaifetz, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Judges.

CAYTON, Chief Judge.

This was an equity proceeding in the Municipal Court.[1] The action was commenced by the filing of a "Bill to Relieve Plaintiff From Hardships of Judgment." There was a trial on the merits including testimony for both parties, and a judgment for defendant resulted. Plaintiff appeals.

Marvins Credit, Inc., appellee here, sued appellant Catherine Thomas and her husband, Bolling Thomas, in April 1949 for the return of certain furniture or the balance due thereon. Only Mrs. Thomas was served and on her failure to appear on the return day of the summons, a default was entered against her. Ex parte proof was taken and judgment was entered May 16, 1949. More than seven months later, after garnishment proceedings against her, Mrs. Thomas filed a motion to vacate the judgment. The trial court, after hearing, filed a written opinion denying the motion on the grounds that it had been filed too late,[2] and that no sufficient reason had been given for appellant's failure to appear on the return day. The memorandum stated that defendant's remedy was in equity. Then

it was that this action in equity was brought, with the adverse result we have indicated.

One of the errors assigned is that the trial court should have found that appellant was "lulled into inactivity by defendant's conduct from which defendant secured an unconscionable advantage of plaintiff herein." Appellant testified that upon receipt of the summons in April 1949 she communicated with Marvins and told them that she had made no purchase at their store, that the furniture belonged to her husband who was in a penal institution, and that she had made payments thereon out of his pension checks which had since been discontinued. She said Marvins promised to "look into it." She said she heard nothing further from Marvins until her salary was attached. She admitted that the furniture was in her possession when she was served with the summons and so remained until after the judgment was entered in the law case.

We cannot say that the trial court was wrong in not accepting plaintiff's version of the situation or, if it did accept that version, in not granting her equitable relief. If the judgment had been obtained in violation of an agreement between the parties or if Mrs. Thomas had been tricked into inaction and default, we would be quick to save her rights. See Marvin's Credit v. Kitching, D.C.Mun. App., 34 A.2d 866. But this is not such a case. Here there was no promise or even a suggestion that the case would be dismissed or continued, or that she need do nothing about it. Obviously then, when she defaulted she did so at her own risk and we can find little or no weight in her contention that such default was due either to "misinformation" or "an unconscionable advantage."

1. It is established that the Municipal Court may entertain equitable actions within the limits of its civil jurisdiction. Rowe v. Nolan Finance Co., 79 U.S.App.D.C. 35, 142 F.2d 93; Klepinger v. Rhodes, 78 U.S.App.D.C. 340, 140 F.2d 697; Ridgley v. United States, D.C.Mun.App., 45 A.2d 475; Paley v. Solomon, D.C.D.C., 59 F. Supp. 887.

2. At the time the motion was filed, Municipal Court Civil Rule 53 (b) imposed a three-months time limitation on *all* such motions to vacate. We have ruled that the time limit, where applicable, is jurisdictional. Mike's Mfg. Co. v. Zimzoris, D.C.Mun.App., 66 A.2d 414. See also Breckenridge v. Mebane. D.C.Mun.App., 75 A.2d 441.

Appellant makes the further points that judgment was improperly entered against her in the law case because the suit incorrectly recited that she was a party to the conditional sale agreement; that she was in fact not such a party; and that plaintiff was permitted to obtain a judgment upon a new theory, different than that sued upon. This makes it necessary to recite more of the factual background of the litigation. In December 1946, Bolling Thomas signed a conditional sale agreement for the installment purchase of certain furniture from Marvins. During 1948 he was committed to jail. At his request and that of his wife, reduced payments were arranged and a plan worked out whereby appellant would, during the incarceration of the husband, make the payments out of proceeds of his pension checks. Appellant made a number of payments in this manner. Sometime in 1949 the pension checks were discontinued and the payments stopped. In April 1949, when Marvins commenced its suit, appellant was still in possession of the furniture and remained in possession until after judgment against her in that suit. During July 1949, Bolling Thomas who had been paroled shortly before, placed the furniture in storage and it was still there at the time of the hearing of the present action a year later.

The bill of particulars on which Marvins brought its detinue suit in April 1949 alleged that the defendants had defaulted under the conditional sale contract, and demanded "either the return of said merchandise or chattels, or the balance of $277.40 due * * *" The default judgment was entered for $257.50 or in the alternative for return of the chattels.

In this equity proceeding, Catherine Thomas testified that she had not made any purchases from Marvins (it was stipulated that the conditional sale agreement bore only her husband's signature), and that she had not agreed to pay for any such purchases. She testified to making the payments we have described out of her husband's pension check and did not deny that she had remained in possession of the goods until after the judgment in the first case. The credit manager of Marvins testified that he did not say in the first suit that Catherine Thomas was a party to the conditional sale; that the bill of particulars in that case was in error in so reciting; and that the reason she had been joined in the suit was because she was in possession of the property.

■ We see no merit in appellant's contention that she was entitled to equitable relief because Marvins was granted a judgment on a theory different than that first pleaded against her. There can be no doubt that the original bill of particulars sufficiently informed her as to why she was being sued. And while a contractual obligation was there alleged, it appears that her physical possession of the furniture was the basis upon which liability was actually adjudged. But this change of theory did not affect the demand for relief: the judgment demanded was the judgment entered in the case. Exchange Nat. Bank of Shreveport, La. v. Joseph Reid Gas Engine Co., 5 Cir., 287 F. 870, cited by appellant, is not in point. There a default judgment was entered in a state court against a garnishee *without any notice whatsoever*, and the garnishee, filing an original bill in the Federal court, was granted an injunction restraining execution on the judgment against him.

In this proceeding we would have no right to reverse even if we felt that the trial court had been in error in permitting a variance or in not requiring the filing of new pleadings with notice to all parties. Even in a law case, as we have said, "A default judgment by the court upon an amended complaint not served upon the defendant, though erroneous, is not void." [3]

■ In equity the rule is even stronger that rulings merely erroneous, not jurisdictional in scope, form no basis for a bill to set aside a prior judgment. "A court of equity does not interfere on the ground that injustice has been done, that a judgment is wrong in fact or law or that its enforcement will work a great hardship,

3. Campbell v. Campbell, D.C.Mun.App., 58 A.2d 825, 828.

unless the complaining party was, without his fault, deprived of his opportunity to present his defense on the merits."[4] "He must show something to render it manifestly unconscionable for his successful adversary to enforce the judgment."[5] Specifically he must establish, beyond diligence on his own part, "a concurrence of fraud, accident, mistake or other basis of equity jurisdiction, and the injustice of the judgment itself."[6] The "imperative condition" of equitable intervention is that the party applying for aid "shall make it clearly appear that he had a good defense to the action, which, by fraud or accident, he was prevented from making, and also that there was neither fault nor negligence on his part." Talbott v. Pickford, 36 App. D.C. 289, 298, affirmed 225 U.S. 651, 32 S.Ct. 687, 56 L.Ed. 1240.

■ The burden on a plaintiff in an action of this kind is no less exacting because the prior judgment was one by default, for a "judgment entered after default is just as conclusive an adjudication between the parties of whatever is essential to support the judgment as one entered after answer and contest."[7] If a party "defaults without any adequate excuse, the fact that he has a complete defense will not entitle him to relief."[8] This is so because "the first step toward the diligence required of litigants is to appear and plead at the time and place and in the manner required by law. If by their negligence or inattention a default judgment is taken against them for failure to do so, no relief can be had in equity."[9] This is in conformity with the statement in the Talbott case, supra, that public policy demands "that there shall be an end of litigation."

■ Applying these standards to the instant facts, we can find no ground for holding that plaintiff was entitled to relief. She had ample notice of the claim against her and a full opportunity to be heard, which she waived by her non-appearance. Such non-appearance was voluntary and not attributable to her opponent because of fraud or otherwise. Had she appeared she might have defeated the claim, or at least avoided part of the consequences. The judgment against her, though based on a possibly erroneous procedural ruling, was not void. When she did appear in the case seven months after judgment, she was given a full hearing on her motion to vacate and such motion was decided against her on procedural as well as substantive grounds. In this case too the trial court gave her a full opportunity to present her side of the case. We are aware of no principle of law or equity which has been violated to her disadvantage, and we rule that the judgment must be

Affirmed.

---

4. In re Innis, 7 Cir., 140 F.2d 479, 481, citing 3 Freeman on Judgments, 5th Ed., p. 2518.

5. Pickford v. Talbott, 225 U.S. 651, 657, 32 S.Ct. 687, 689, 56 L.Ed. 1240, affirming 36 App.D.C. 289.

6. 3 Freeman on Judgments, 5th Ed., p. 2464, citing Pickford v. Talbott, supra, note 5.

7. Woods v. Cannaday, 81 U.S.App.D.C. 281, 282, 158 F.2d 184, 185, citing: Last

Chance Mining Co. v. Tyler Mining Co., 157 U.S. 683, 15 S.Ct. 733, 39 L.Ed. 859; Richle v. Margolies, 279 U.S. 218, 49 S. Ct. 310, 73 L.Ed. 669.

8. 3 Freeman on Judgments, 5th Ed., p. 2535, citing Miller v. Miller, 107 Kan. 505, 192 P. 747.

9. 3 Freeman on Judgments, 5th Ed., p. 2503, citing Hoey v. Jackson, 31 Fla. 541, 13 So. 459.