Paul MARSHALL, Appellant,

v.

MARVINS CREDIT, Inc., a corporation,
Appellee.

No. 1743.

Municipal Court of Appeals for the
District of Columbia.

Argued April 9, 1956.

Decided May 7, 1956.

Maurine H. Abernathy, Washington, D.
C., for appellant.

Abraham Chaifetz, Washington, D. C.,
for appellee.

Before HOOD, Acting Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired), sitting by designation under Code, § 11–776(b).

QUINN, Associate Judge.

Litigation between the parties to this suit began in January 1954 when Marvins filed an action in detinue against appellant. Appellant answered, denying that he had purchased any merchandise from Marvins. The case was set for trial on October 8 and notice thereof was mailed to appellant by the Assignment Commissioner. However, it was returned marked "Moved, Left no address." Trial upon *ex parte* proof was held and on October 28, 1954, judgment was entered for possession of the merchandise or the value thereof. After garnishment proceedings were initiated against him in February 1955, appellant filed a motion to vacate the judgment, contending that the circumstances were such that they required the application of the "any other reason" clause of Rule 60(b) with its reasonable time limitation. The trial court, after hearing, denied the motion on the ground that it was filed too late since appellant's failure to advise the court of his change of address or to otherwise keep himself informed of the status of the pending litigation brought him within the meaning of subsection (1) of Rule 60(b) and its maximum reasonable time limitation of three months.[1] Appellant took no appeal from the denial of this motion.

In its memorandum opinion denying the motion, the trial court stated that appellant's remedy was in equity, with the result that the present action seeking equitable relief was filed. At the conclusion of appellant's opening statement, the court indicated that it would entertain a motion to dismiss. Such a motion was made, argued and granted. The court cited as authority Thomas v. Marvins Credit, Inc., D.C.Mun. App., 76 A.2d 773, and 3 Federal Practice and Procedure, Barron and Holtzoff, § 1331, pp. 275, 276.

Bringing this appeal, appellant urges two principal grounds for reversal: (1) That the judgment is void since no evidence was offered to establish appellant's liability; and (2) That the court erred in granting defendant's motion to dismiss. As authority for his position on the first ground, appellant cites Klein v. Rappaport, D.C.Mun.App., 90 A.2d 834. We disagree. In the Klein case the judgment was based entirely on the absence of defendant from the trial. No proof was taken upon which to enter the judgment. Here, the record clearly shows that the court had jurisdiction and that judgment was entered only after proof had been adduced before the trial court. Nor is there any merit to the argument that appellant has never been heard on the merits. A judgment entered after default is just as conclusive an adjudication between the parties of whatever is essential to support the judgment as one entered after answer and contest.[2]

We next consider the alleged error concerning the motion to dismiss. While we agree with appellant that a direct attack on a judgment by an independent action is an appropriate remedy,[3] it should be noted that such an action is intended to cover whatever could have been done by traditionally recognized common law remedies for relief against a judgment.[4] Appellant

---

1. Municipal Court Rule 60(b) imposes a three-month time limitation on all motions to vacate which come within subsections (1), (2) and (3) of the Rule. This court has ruled that the time limitation where applicable is jurisdictional. Ellison v. Hollywood Credit Clothing Co., Inc., D.C.Mun.App., 121 A.2d 484.

2. Woods v. Cannaday, 81 U.S.App.D.C. 281, 158 F.2d 184.

3. United States v. Backofen, 3 Cir., 176 F. 2d 263; Fraser v. Doing, 76 U.S.App. D.C. 111, 130 F.2d 617; Wallace v. United States, 2 Cir., 142 F.2d 240, certiorari denied, 323 U.S. 712, 65 S.Ct. 37, 89 L.Ed. 573.

4. Norris v. Camp, 10 Cir., 144 F.2d 1; Wallace v. United States, supra; United States v. Backofen, supra; Oliver v. City of Shattuck ex rel. Versluis, 10 Cir., 157 F.2d 150; 3 Fed. Practice and Procedure, Barron and Holtzoff, § 1331.

has set forth no such grounds in the present action.

 We are in agreement with the trial court for another reason. It is a well recognized principle that a court of equity will not interfere on the ground that an injustice has been done unless the complaining party was, without his fault or negligence, deprived of his opportunity to present his defense on the merits. Thomas v. Marvins Credit, Inc., supra. It has not been shown that appellant's failure to appear for trial was attributable to Marvins but, on the contrary, appellant through his own fault permitted the case to go by default. He was served with process and he answered the complaint. The Assignment Commissioner mailed notice to the address given in his answer. It was not the Assignment Commissioner's responsibility to search for appellant when the notice was returned for lack of a forwarding address. On the contrary, the onus was on appellant to notify the court of his change of address, or if he did not wish to do so, then he should have kept himself informed of the status of the pending litigation.

Affirmed.