**Anna Mae LYNCH, Appellant,**

v.

**Sarah WILLIAMS, and for the use of First Security Insurance Company of America, Appellee.**

**No. 2571.**

Municipal Court of Appeals for the District of Columbia.

Argued June 6, 1960.

Decided July 29, 1960.

---

1. See Judge Hood's opinion in Houston v. District of Columbia. D.C.Mun.App., 149 A. 2d 790.

———◆———

Ralph B. Shirley, Washington, D. C., for appellant.

James A. Willey, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal seeks to reverse the trial court's denial of appellant's motion to vacate a default judgment against her.

In March 1956 appellant was sued for damages arising from an automobile collision. The complaint alleged that appellant owned the striking automobile and that one Steven Garrett was operating it at that time. Appellant failed to answer the complaint and in March 1958, after ex parte proof as to damages, a default judgment was entered against her.

In November 1959 appellant moved to set aside and vacate the default judgment on the ground that it was void.[1] She alleged she had received no notice of the action and had only learned of the judgment in April 1959. She attached to her motion an affidavit of her son who stated he was only fifteen years of age when he received the summons and complaint, did not realize its importance and failed to deliver it to his mother. Appellant also tendered a proposed answer in which she claimed that she neither owned the automobile involved in the collision nor knew its driver, Steven Garrett.

After a hearing on the motion the trial court ruled that the fifteen-year-old son was a "person of suitable age and discretion" to receive service of process and thereby bind his mother.[2] The court refused to receive any evidence as to appellant's defense to the original action or to consider her claim that the default judgment was void for lack of proof of ownership of the automobile under Code 1951, 40–424, Supp. VIII.

This appeal does not question the ruling of the trial court that service was legally effected, but asserts that the trial court was in error in not holding that the judgment was void for lack of proof of ownership of the automobile.

Appellant argues that the language of the Motor Vehicle Safety Responsibility Act,[3] requires a plaintiff to actually prove, not merely allege, ownership of the automobile before he can benefit from the statutory presumption of consent. Her argument is that one relying upon the statutory presumption may not obtain a default judgment without ex parte proof of the ownership of the vehicle as well as of the damages. Accordingly, appellant urges that the default judgment in this case, having been entered without proof of ownership, was void.

Whether or not the Motor Vehicle Safety Responsibility Act requires proof of ownership of an automobile before a default judgment can be entered need not be reached on this appeal.[4] Assuming that appellant's interpretation of the statute is correct, we still

---

1. Municipal Court Civil Rule 60(b) (4).

2. Municipal Court Civil Rule 4(c) (1).

3. Code 1951, 40–424, Supp. VIII.

4. Though we do not decide this question, it should be pointed out that "A judgment entered after default is just as conclusive an adjudication between the parties of whatever is essential to support the judgment as one entered after answer and contest." Marshall v. Marvins Credit, Inc., D.C.Mun.App., 122 A. 2d 583, 584.

would have to hold that the judgment was merely erroneous and not void. The court had jurisdiction of the subject and of the parties and its judgment was not void. If it was erroneous it could only be corrected by direct appeal. The trial court correctly limited its determination to the one valid issue presented by the motion, namely, the question of proper service of process.

Affirmed.