### Edgar S. Crosby v. Kinnersley Cook

[167 A.2d 87]

November Term, 1960

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed January 3, 1961

*Hanford G. Davis* for the plaintiff.

*Robert W. Ulbrich* and *Ernest E. Moore* for the defendant.

**Hulburd, C. J.** The writ of replevin in this case commanded the officer to replevy certain farm machinery from the defendant in Ludlow, and to make return of the writ to the Rutland County Court, the

Rutland Municipal Court or to that of the signatory justice of the peace in Brandon depending upon what the value of the property might turn out to be. The property was replevied by the officer at Ludlow, in the county of Windsor. He returned the writ as directed to the Rutland County Court. The defendant filed a motion to dismiss on the ground that under 12 V.S.A. §5331, it is provided that the action of replevin is to be maintained "in the county in which the goods are detained" and since the property detained was in Ludlow, in the county of Windsor, the writ was improperly made returnable to courts in Rutland County. The defendant further moved for a return or restoration of the goods replevied and costs to the defendant as provided by V.S. 47 §1976 (now 12 V.S.A. §5401).

As a result of a hearing on this motion, the trial court dismissed the action and gave the defendant judgment for his taxable costs. This was on April 11, 1960. On May 12, 1960, the trial court made what is entitled a supplemental entry by adding the following to the former entry: "The concluding paragraph of the defendant's motion praying for an order for the return or restoration of the goods replevied, in the exercise of our discretion, is denied."

The defendant comes here on appeal claiming that the Rutland County Court was in error when it refused to order the return of the goods replevied to the defendant. The effect of the trial court's refusal to order a return of the goods is to give the plaintiff custody of them without his ever having established any right to them on the merits.

This situation was considered in the case of *Collamer* v. *Page*, 35 Vt. 387. In that case, as here, the plaintiff's action of replevin was dismissed on motion of the defendants because it was brought in the wrong county. The Court construed the language of the "17th section of the replevin act (Rev. St. p. 200)" which is the forerunner of 12 V.S.A. §5401. The Court said at page 392: "We think, construing the language of the statute, in connection with the apparent object and intent of the legislature, and the mischief they intended to prevent, that the meaning is apparent; that if on a trial the defendant is entitled to the property, he shall have a judgment for a return; and if, through the fault of the plaintiff, either by bringing a defective suit, or by abandoning it voluntarily, or through failure to comply with

the rules and orders of the court, the suit is determined against the plaintiff, without a trial, so that the defendant has no opportunity to show his right, then the plaintiff shall be adjudged to restore the property to the possession of the defendant, from whom he replevied it."

We think the foregoing established the law applicable to this case, and that the defendant was entitled as a matter of right to have an order for the return of the property taken by the officer. *Ramsey v. McDonald,* 108 Vt. 180, 184 A. 691 is an authority to the same effect.

*The action of the county court in granting the motion to dismiss is affirmed; its action in denying plaintiff's motion for a return of the property is reversed and cause is remanded. Let a return of property be ordered.*